WYLIE AITKEN (37770)
wylie@aitkenlaw.com
DARREN AITKEN (145251)
darren@aitkenlaw.com
AITKEN AITKEN COHN
3 MacArthur Pl #800
Santa Ana, CA 92707
Phone: (714) 434-1424
Fax: (714) 434-3600

STEPHEN R. BASSER (121590)
sbasser@barrack.com
SAMUEL M. WARD (216562)
sward@barrack.com
BARRACK, RODOS & BACINE
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Phone: (619) 230–0800
Fax: (619) 230–1874

*[Additional Counsel Listed on Signature Page]*

*Attorneys for Plaintiff John Milewski*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MILEWSKI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VIZIO HOLDINGS, INC., VIZIO, INC., and COGNITIVE MEDIA NETWORKS, INC.,<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I.      NATURE OF THE ACTION..................................................................1

II.     PARTIES ...........................................................................................3

III.    JURISDICTION AND VENUE............................................................4

IV.     GENERAL ALLEGATIONS ................................................................5

        A.      Defendants Collect and Disseminate Users' Personal Data................5

        B.      Vizio Conceals its Data Collection Practices from Users ..................9

        C.      Vizio Understands the Private Nature of the Data it Collects ..........10

V.      CLASS ACTION ALLEGATIONS ......................................................11

VI.     CAUSES OF ACTION ......................................................................16

        Count I
        Violations of the Video Privacy Protection Act,
        18 U.S.C. § 2710 ............................................................................16

        Count II
        Violations of California's Customer Records Act,
        Cal. Civ. Code § 1798.80 ...............................................................17

        Count III
        Violation of California's Unfair Competition Law
        Cal. Bus. & Prof. Code §§ 17200, et seq. .....................................18

        Count IV
        Violation of the Consumer Legal Remedies Act,
        Cal. Civ. Code §§ 1750, et seq.......................................................19

        COUNT V
        Unjust Enrichment...........................................................................22

        COUNT VI
        Violation of Pennsylvania's Unfair Trade Practices and
        Consumer Protection Law................................................................23

VII.    PRAYER FOR RELIEF......................................................................25

i – CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff John Milewski ( "Plaintiff"), on behalf of himself and, all others similarly situated, alleges the following against Defendants Vizio Holdings, Inc. ("Vizio Holdings"),Vizio, Inc. ("Vizio, Inc.") and Cognitive Media Networks, Inc. ("Cognitive Media") (collectively, "Defendants" or "Vizio").   The allegations included herein are based upon personal knowledge as to themselves and their own acts, and upon information and belief and the investigation of Plaintiff's counsel.

I.    **NATURE OF THE ACTION**

1.    This class action, brought against Vizio and Cognitive Media, arises from Defendants' joint collection of the private information of users and purchasers of Vizio smart televisions.  This information, based on the viewing habits of users in the privacy of their own homes, collected without the knowledge or agreement of consumers, is sold by Defendants to third parties, again without the consent or knowledge of consumers.  Defendants' collection, dissemination and profiteering from this unauthorized collection of personal information violates federal and state laws and the privacy rights of consumers.

2.    Vizio, headquartered in Irvine, California, designs, manufactures, markets and distributes consumer electronic devices.   One of the largest TV manufacturers in the United States, Vizio manufactures and markets a broad range of Smart TVs, televisions that incorporate internet access, either through wired Ethernet connections or through wireless or "wi-fi" internet connections to access

1 – CLASS ACTION COMPLAINT

video streaming services including, but not limited to Hulu, Amazon Instant Video, Netflix and YouTube.

3.      Beginning no later than late October, 2015, Vizio began using the networking feature of its Smart TVs as a means of collecting data from the users and purchasers of its Smart TVs.  This data included, among other things, details regarding the users' home networks, the identity of their cable or satellite television providers, details regarding the content, including shows, movies, commercials and channels viewed.  In an October 2015 filing with the Securities Exchange Commission, Vizio acknowledged that it was using the connectivity features of its Smart TVs  as a means of collecting data from "over 10 million VIZIO connected units, or VCUs."  According to Vizio, it intended to utilize these "VCUs" and the Company's proprietary "Inscape Data Services" to "capture real-time viewing behavior data from our VCUs and enable us to provide it to advertisers and media content providers."

4.      Inscape Data Services was created by Vizio following its August 2015 acquisition of Cognitive Media Networks, Inc.  Prior to its purchase by Vizio, Cognitive Media described itself as providing Automatic Content Recognition or ACR.  According to Cognitive Media, ACR "makes Smart TVs aware of the programming they are displaying," allowing its customers and broadcasters to "know which TVs are displaying their content."

5.      With the acquisition of Cognitive Media, Vizio, in concert with Cognitive Media, has collected, shared, and profited from the personal data funneled to the Company through the Smart TVs that it has sold to millions of

2 – CLASS ACTION COMPLAINT

consumers.  The collection, dissemination and profiting from this personal data was all done without the knowledge or agreement of consumers.  The software allowing Vizio to collect this data was either included in new Smart TVs or installed in previously sold Vizio Smart TVs through the means of an automatic software update.  Unbeknownst to users, the data collection software, which Vizio dubbed "Smart Interactivity," is turned on by default, without the consent of users and can only be disabled by accessing a complex set of menu commands.

## II.  **PARTIES**

6.  Plaintiff John Milewski, a natural person, is, and at all times relevant was, a citizen and resident of Pennsylvania.  Plaintiff purchased two Vizio Smart TVs, a 42-inch E420i-BO, purchased at Walmart on August 1, 2015, and a 28-inch E28h-C1, purchased on January 10, 2016, at Walmart.  Both of the Smart TVs purchased by Plaintiff were equipped with or later updated to include Vizio's Smart Interactivity.

7.  Vizio Holdings, Inc., is a Delaware Corporation that maintains its principal place of business at 36 Tesla, Irvine California.

8.  Defendant Vizio, Inc., is a California Corporation that maintains its principal place of business at 39 Tesla, Irvine, California.  Vizio, Inc. is registered to conduct business in the State of California.  Vizio, Inc. designs, markets, manufactures and distributes for sale, consumer electronic devices, including, but not limited to, Smart TVs throughout the United States, including this District.

3 – CLASS ACTION COMPLAINT

9.     Defendant Cognitive Media Networks, Inc., is a Delaware corporation that is registered to conduct business in California.  Cognitive Media maintains its principal place of business at 39 Tesla, Irvine, California.  Cognitive Media develops ACR software platforms for certain consumer electronic devices, including Smart TVs.  The use of ACR allows for the collection of personal data, including, but not limited to, viewing information, from users of devices equipped with ACR.  Cognitive media was acquired by Vizio, Inc. in August 2015.

III.    **JURISDICTION AND VENUE**

10.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy, exclusive of interest and costs, exceeds the sum value of $5,000,000.00 and is a class action in which some of the members of the Class, including Plaintiff John Milewski, are citizens of states different than that of Defendants.

11.    This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 as to claims brought pursuant to the Video Privacy Protection Act.

12.    This Court has supplemental jurisdiction over state law claims asserted herein pursuant to 28 U.S.C. § 1367.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants are authorized to conduct business within this District, are headquartered in this District, have intentionally availed themselves of the laws in

this District, and conduct substantial business, including acts underlying the allegations of this complaint, in this District.

## IV.   GENERAL ALLEGATIONS

14.   Vizio is one of the largest sellers of high definition televisions in the United States.  In a Form S1/A filed with the Securities Exchange Commission on October 22, 2015 (the "S1/A"), by Vizio Holdings, the Company describes itself as "transforming the way consumers discover and experience media content through our connected entertainment platform."  The Company claims to have sold more than ten million "VIZIO Connected Units" as of October 2015, selling more than seven million Smart TVs in 2014 alone.

### A.   Defendants Collect and Disseminate Users' Personal Data

15.   Using a software platform built into its Smart TVs, Vizio integrates its internet-connected media services, such as Netflix, Hulu, Amazon Video and YouTube with its Inscape Data Services.  In turn, Vizio's Inscape data services capture a broad range of personal information from users, including viewing behavior data from their VCUs, which is collected by Vizio in real time.  Vizio can, in turn, provide this and other collected data to advertisers and media content providers.  As set forth in a Form S1/A filed with the Securities Exchange Commission, the Inscape Data Services "capture, in real time, up to 100 billion anonymized viewing data points each day from our over 10 million VCUs. Inscape collects, aggregates and stores data regarding most content displayed on

VCU television screens, including content from cable and satellite providers, streaming devices and gaming consoles." According to Vizio, the "highly specific viewing behavior data" is collected "on a massive scale with great accuracy, which can be used to generate intelligent insights for advertisers and media content providers and to drive their delivery of more relevant, personalized content through our VCUs."

16.     Vizio's Inscape Data Services are drawn largely, if not completely, by technology developed by Cognitive Media. Previously based in San Francisco, Cognitive media was acquired by Vizio on August 10, 2015, for approximately $50 million in cash. Prior to the acquisition, Vizio was an investor in Cognitive media, holding approximately a 10% share in the company.

17.     Vizio's S1/A also identifies the Company's Inscape Data Services as a potential source of revenue, stating:

> Our Inscape data services capture, in real time, up to 100 billion anonymized viewing data points each day from our over 10 million VCUs. Inscape collects, aggregates and stores data regarding most content displayed on VCU television screens, including content from cable and satellite providers, streaming devices and gaming consoles. Inscape provides highly specific viewing behavior data on a massive scale with great accuracy, which can be used to generate intelligent insights for advertisers and media content providers and to drive their delivery of more relevant, personalized content through our VCUs. Although we are still in the early stages of commercializing Inscape

and have yet to generate meaningful revenue from it, we believe it provides an attractive value proposition to advertisers and media content providers which will enable us to further monetize it in the future.



18.    Vizio refers to the feature that recognizes on-screen content and collects consumer data on its Internet-connected Vizio Smart TVs as "Smart Interactivity."  The "Smart Interactivity" features are integrated in to Vizio Smart TVs by default and cannot be disabled without going through several steps in the TVs' built in menus or by contacting Vizio customer service for assistance. Moreover if, for any reason, a Vizio Smart TV is reset to its factory defaults, Smart Interactivity is restored, without the user's knowledge.

19.    Older Vizio Smart TV models purchased before Smart Interactivity was integrated directly into the TVs are automatically updated to enable data capture.  Smart Interactivity collects a broad range of data regarding the content displayed on the TV, including the identity of their broadcast, cable, or satellite

7 – CLASS ACTION COMPLAINT

television provider, and the television channels, programs and commercials viewed, the date and time of viewing and whether the broadcast was watched live or at a later time.

20.    In late October 2015, Vizio began using customer viewing data, bundled with additional personal information, and sharing that data with media and data analytics companies.  Using customer IP addresses[1] and other data captured from users' personal networks, including MAC addresses,[2] Vizio and these data and analytics companies are able to generate customized advertisements which are then displayed not just on users' Smart TVs, but on other devices connected to the network associated with the users' IP address, such as smart phones, tablet computers or laptop computers owned by the user.  Thus, any device connected to a user's network, including those used my minors, can receive advertisements based on the user's viewing habits.

21.    The U.S. National Institute of Standards and Technology identifies both IP and MAC addresses as Personally Identifiable Information, i.e. information that includes a "persistent static identifier that consistently links to a

---

[1]    "IP address" refers to an Internet Protocol address, a numerical label assigned to each device in a computer network.  IP addresses can be used to identify the location of a network and can be used to identify the various devices that are connecting to a particular network.

[2]    "MAC address" refers to a media access control address, a unique identifier assigned to the network interface of a network-cable device.  Any device connecting to a network, including smartphones, tablet computers, lap top computers, Smart TVs, streaming media players, etc. has a unique MAC address.

8 – CLASS ACTION COMPLAINT

particular person or small, well defined group of people."  Nat'l. Ins't. of Standards and Tech., Guide to Protecting the Confidentiality of Personally Identifiable Information (PII) (2010) at 2-2.  Because MAC addresses are unique to each device, a device's MAC address can be used to identify a person and track his or her location whenever that person passes a Wi-Fi hotspot.    Use of MAC addresses in this manner allows the tracking of any device as it moves from network to network.  This is especially relevant to mobile devices, such as smartphones, tablet computers and laptops.

### B.    Vizio Conceals its Data Collection Practices from Users

22.    Plaintiffs and members of the putative Class were not, and are not, informed by Defendants that their viewing behavior and personal information, including unique IP and MAC addresses, are collected and disseminated to interested third parties through the use of their Smart TVs.  Nor did Plaintiff and members of the Class consent to having their information collected and disseminated.

23.    Defendants seek to profit from the collection and dissemination of consumer information and viewing data. In its S1/A, Vizio asserts that its "discovery and engagement software," powered by the software created by Cognitive Media, "enhances the value of its products"  and "provides an attractive value proposition to advertisers and media content providers which will enable [Vizio] to further monetize it in the future."  Because Defendants recognize that "[o]ur customers may also object to or opt out of the collection and use of their

9 – CLASS ACTION COMPLAINT

data, which may harm our business," Vizio conceals the collection of this data and does not seek the informed consent of users prior to activating Smart Interactivity.[3]

### C.      Vizio Understands the Private Nature of the Data it Collects

24.    As set forth in Vizio's S1/A, "[w]e collect, process, store, use and to some extent disclose information collected from or about purchasers and users of our products, and from the devices themselves. ***The collection and use of personal information***, and analysis and sharing of anonymous user data and unique identifiers to inform advertising or analyze viewing behaviors ***subject us to legislative and regulatory burdens***, may expose us to liability, and our actual or perceived ***failure to adequately protect consumer data*** could harm our brand, our reputation in the marketplace and our business." [Emphasis added].

25.    Vizio further recognizes that "[p]rivacy laws and regulations, if drafted or interpreted broadly, could be deemed to apply to the technologies we use to collect, analyze and share viewing behaviors or other data collected from our Smart TVs or consumers, and could restrict our information collection methods or decrease the amount and utility of the information that we would be permitted to collect and share."

---

[3]     VIZIO, Inc. (2015). *Form S-1 Report*. Retrieved from https://www.sec.gov/Archives/edgar/data/1648158/000119312515262817/d946612 ds1.htm

26.     Despite its recognition of the sensitivity of the personal data it is collecting, Vizio collects, disseminates and profits from the dissemination of this data without the informed consent of users.

## V.     CLASS ACTION ALLEGATIONS

27.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings his claims on behalf of a nationwide class (the "Class" or the "Nationwide Class") defined as:

> All persons in the United States who purchased, for their personal or household use, Vizio televisions that were equipped with, or thereafter updated to include, Smart Interactivity data collection software.

28.     Plaintiff also asserts a claim on behalf of class of Pennsylvania consumers, consisting of all "person[s]" as defined by 73 P.S. § 201-2(2), who purchased Vizio Smart TVs (the "Pennsylvania Class").     The requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) are met with respect to the Pennsylvania Class.

29.     Excluded from the Nationwide and Pennsylvania Classes defined above are Defendants and their current employees.

30.     **Numerosity**.  The Class is so numerous that joinder of all members is impracticable. The Class includes purchasers and users of Vizio Smart TVs. According to statements by Vizio filed with the Securities Exchange Commission, there are "over 10 million VIZIO connected units," through which Vizio has collected personal identifiable information.

31.   **Commonality**. There are numerous questions of law and fact common to Plaintiff and the members of the Class, including the following:

- whether Defendants engaged in the wrongful conduct alleged herein;

- whether Defendants owed a duty to Plaintiff and the Class to adequately protect their personal identifiable information;

- whether Defendants failed to take reasonable steps to maintain the confidentiality of the personal identifiable information of Plaintiff and the Class;

- whether Defendants failed to take reasonable steps to prevent the dissemination of the personal identifiable information of Plaintiff and the Class to third parties;

- whether Defendants profited from the wrongful disclosure of the personal identifiable information of Plaintiff and the Class to third parties;

- whether Defendants made material misrepresentations regarding the collection, retention and dissemination of personal identifiable information collected from Plaintiff and the Class;

- Whether Defendants were required to gain the informed consent of users in order to capture, retain, disseminate and profit from the dissemination of, the personal identifiable information of Plaintiff and the Class;

- whether Defendants' conduct violated the VPPA;

- whether Defendants' conduct violated the California Customers' Records Act;

- whether Defendants' conduct violated the Consumer Legal Remedies Act;

- whether Defendants' conduct violated the California Unfair Competition Law

- whether Plaintiff and the Class suffered injury, including ascertainable losses, as a result of Defendants' conduct (or failure to act);

- whether Plaintiff and the Class are entitled to recover damages; and

- whether Plaintiff and the Class are entitled to equitable relief, including injunctive relief and/or other equitable relief.

32. **Typicality**.  Plaintiff's claims are typical of the claims of the Class. Plaintiff and all members of the Class were injured through Defendants' uniform misconduct described above and assert the same claims for relief.  The same events and conduct that give rise to Plaintiff's claims are identical to those that give rise to the claims of every other member of the Class because Plaintiff and each member of the Class is a person that has suffered harm as a direct result of the same conduct (and omissions of material facts) engaged in by Defendants.

33. **Adequacy**.   Plaintiff and his counsel will fairly and adequately represent the interests of the members of the Class.  Plaintiff has no interest

13 – CLASS ACTION COMPLAINT

antagonistic to, or in conflict with, the interests of the Class.  Plaintiff's lawyers are highly experienced in the prosecution of consumer class actions and complex litigation.

34.  **Superiority**.   A class action is superior to all other available methods for fairly and efficiently adjudicating the claims of Plaintiff and the members of the Class.  Plaintiff and the members of the Class have been harmed by Defendant's wrongful actions and inaction.  Litigating this case as a class action will reduce the possibility of repetitious litigation relating to Defendants' wrongful actions and inaction.

35.  A class action is an appropriate method for the fair and efficient adjudication of this controversy.  There is no special interest in the members of the Class individually controlling the prosecution of separate actions.  The loss of money and other harm sustained by many individual member of the Class will not be large enough to justify individual actions in proportion to the significant costs and expenses necessary to prosecute this action.  The expense and burden of individual litigation makes it impossible for many members of the Class individually to address the wrongs done to them.  Class treatment will permit the adjudication of claims of members of the Class who could not afford individually to litigate their claims against Defendants.  Class treatment will permit a large number or similarly situated persons to prosecute their common claims in a single form simultaneously, efficiently and without duplication of effort and expense that numerous individual actions would entail.

36.   No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Furthermore, Defendants transact substantial business in and perpetuated their unlawful conduct from California.   Defendants will not be prejudiced or inconvenienced by the maintenance of this class action in this forum.

37.   Class certification, therefore, is appropriate under Fed. R. Civ. P. 23(a) and (b)(3).  The above common questions of law or fact predominate over any questions affecting individual members of the Class, and class action is superior to other available methods for the fair and efficient adjudication of the controversy,

38.   Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Defendants have acted or have refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

39.   The expense and burden of litigation will substantially impair the ability of Plaintiff and members of the Class to pursue individual lawsuits to vindicate their rights.  Absent a class action, Defendants will retain the benefits of its wrongdoing despite its serious violations of the law.

## VI.   <u>CAUSES OF ACTION</u>

### Count I

### Violations of the Video Privacy Protection Act, 18 U.S.C. § 2710

### (On Behalf of Plaintiff and the Class)

40.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41.     Pursuant to the Video Privacy Protection Act ("VPPA"), Vizio is, and at all relevant times has been, a "video tape service provider," because it is "engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4).

42.     Pursuant to the VPPA, video tape service providers "shall destroy personally identifiable information as soon as practicable, but no later than on the date the information is no longer necessary for the purpose for which it was collected." 18 U.S.C. § 2710(e).

43.     As a result of its failure to destroy users' personally identifiable information as soon as practicable from the date the information was no longer necessary for the purpose for which it was collected, Vizio has violated 18 U.S.C. § 2710(e).

44.     Under the VPPA, Vizio is required to maintain the confidentiality of customers' personally identifiable information and is barred from disclosing said data to "any person without the informed, written consent of the consumer given at the time the disclosure is sought."  18 U.S.C. § 2710(b)(1)-(2).

16 – CLASS ACTION COMPLAINT

45.    As an owner and user of a Vizio Smart TV, Plaintiff's personally identifiable information was disclosed for marketing and advertising purposes without his informed, written consent.

46.    As a result of Vizio's conduct described herein and the Company's violation of 18 U.S.C. § 2710, Plaintiff and the members of the Class have suffered injuries. Plaintiff, on behalf of himself and on behalf of the Class, seeks an order enjoining Vizio's conduct described herein and awarding himself and the Class the maximum statutory and punitive damages available under 18 U.S.C. § 2710(c), an award of attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5, as well as such other and further relief as the Court deems just and proper.

## Count II

## Violations of California's Customer Records Act, Cal. Civ. Code § 1798.80

## (On Behalf of Plaintiff and the Class)

47.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48.    Pursuant to the California Customer Records Act, business are required to take all reasonable steps to destroy or arrange for the destruction of customer records within its custody or control containing personal information that is no longer to be retained by the business. Cal. Civ. Code § 1798.81.

49.    Customer records may be destroyed through the erasure of information or the modification of personal information in those records in a

17 – CLASS ACTION COMPLAINT

manner that renders the personal information unreadable or undecipherable through any means. Cal. Civ. Code § 1798.81(b)-(c).

50.     As a result of its failure to erase, destroy or render indecipherable or unreadable the personal information of its users, Vizio has violated Cal. Civ. Code § 1798.81.

51.     Pursuant to Cal. Civ. Code § 1798.84, Plaintiff, on behalf of himself and on behalf of the Class, seeks an order enjoining Vizio's conduct described herein, awarding of attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5, and providing such other relief as the Court deems just and proper.

## Count III

## Violation of California's Unfair Competition Law

## Cal. Bus. & Prof. Code §§ 17200, et seq.

## (On Behalf of Plaintiff and the Class)

52.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53.     California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code 27 §§ 17200, et  seq., protects consumers and competitors by promoting fair competition in commercial markets for goods and services.

54.     The UCL prohibits unlawful, unfair or fraudulent business acts or practices.   A business practice need only meet one of three criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

18 – CLASS ACTION COMPLAINT

55.   By failing to inform Plaintiff and the members of the Class that it was illegally collecting, retaining and disseminating their personal identifiable information as described above, Vizio violated the fraudulent prong of the UCL.

56.   By profiting from the dissemination, without the consent of Plaintiff and the members of the Class, of their personal identifiable information to third parties, Vizio has violated the unfair prong of the UCL.

57.   Vizio's actions in collecting, retaining and disseminating for profit the personal identifiable information of Plaintiff and the members of the Class, are violative of the VPPA, California Customer Records Act, and the Consumer Legal Remedies Act and thus Vizio has violated the unlawful prong of the UCL.

58.   Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff, on his own behalf and on behalf of the Class, seeks an order enjoining Vizio from continuing to engage in the unfair and unlawful conduct described herein, an award of attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5, as well as such other and further relief as the Court deems just and proper.

**Count IV**

**Violation of the Consumer Legal Remedies Act,**

**Cal. Civ. Code §§ 1750, et seq.**

**(On Behalf of Plaintiff and the Class)**

59.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

60.   This cause of action is brought pursuant to the Consumer Legal Remedies Act, California Civil Code Sections 1750, et seq. (the "CLRA")

61.   The CLRA includes a comprehensive statutory structure designed to prohibit deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family, or household purposes.   The self-declared purpose of the CLRA is to protect consumers against unfair and deceptive practices and to provide efficient means of securing such protection.

62.   Plaintiff and members of the Class Members are "consumers," within the meaning of Cal. Civ. Code § 1761(d), because they are individuals who purchased one or more Vizio Smart TVs for personal and/or household use.

63.   Each Defendant is a "person" as defined by Cal. Civ. Code § 1761(c), because, as set forth above, each Defendant is a corporation.

64.   Vizio Smart TVs are "goods" within the meaning of Cal. Civ. Code § 1761(a), in that they are tangible products bought by Plaintiff and members of the Class for personal, family, and/or household use.

65.   Defendants' sale of their products, including Smart TVs, to wholesalers and retailers throughout California constitutes "transaction[s] which were intended to result or which result[ed] in the sale" of goods to consumers within the meaning of Cal. Civ. Code § 1761(e) and 1770(a).

66.   Plaintiff has standing to pursue this claim because he has suffered injury in fact and has lost money as a result of Defendants' actions as set forth herein.   Specifically, Plaintiff purchased Vizio Smart TVs.   Had Plaintiff known

that these Smart TVs would be used by Vizio to collect, retain and disseminate, for profit, his personal identifiable information, including his viewing habits, details regarding his home network, and other personal information, with third parties, he would not have purchased the Vizio Smart TVs.

67.   Section 1770(a)(5) of the CRLA prohibits anyone from "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, use, benefits, or quantities which they do not have…."  Defendants represented that Vizio Smart TVs were for the personal enjoyment of televised entertainment by their customers, when, in fact the Smart TVs were a means by which Vizio collected, retained, and disseminated for profit the personal information of Plaintiff and members of the Class in violation of various laws as set forth herein.

68.   Section 1770(a)(9) of the CLRA prohibits anyone from '[a]dvertising goods or services with intent not to sell them as advertised."  On information and belief, Defendants are, or by the exercise of reasonable care should be, aware of the governing regulations and their purpose, and the necessity to exercise reasonable care to ensure compliance with governing regulations and their purpose. By introducing Vizio Smart TVs into the stream of commerce as a product to be used for the personal, private viewing enjoyment of its customers, and then extracting and selling their personal viewing and other information to third parties for profit notwithstanding this knowledge, Defendants thus intentionally sold misbranded products.

69.     Plaintiff has attached hereto a declaration of venue as required by Civil Code Section 1780(d).

70.     Plaintiff seeks an order enjoining the acts and practices described above, and awarding attorneys' fees and costs and will amend this Complaint to seek damages under the CLRA.

## COUNT V

### Unjust Enrichment

### (On Behalf of Plaintiff and the Class)

71.     Plaintiff incorporates the foregoing allegations as if set forth herein.

72.     Plaintiff and the members of the Class conferred a benefit on Defendants in the form of collected viewing data and personal identifiable information collected through Vizio's Smart Interactivity software.

73.     Defendants have been unjustly enriched in retaining the revenues derived from the dissemination of Plaintiffs' viewing data and personal information to third parties.

74.     The retention of these revenues by Defendants is unjust and inequitable because Defendants collected this personal information and viewing data without the informed consent of Plaintiff and members of the Class.

75.     Plaintiff and members of the proposed classes were injured as a direct and proximate result of Defendants' misrepresentations and omissions because they unknowingly provided personal viewing data and personal information that was then disseminated by Vizio to third parties for profit, and further because Plaintiff and members of the Class would not have purchased Vizio Smart TVs

had they known that, by way of the Smart Interactivity Software, Vizio was collecting and disseminating their personal and viewing information.

76.    Because Defendants' retention of the non-gratuitous benefit conferred on them by Plaintiff and the members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and the members of the Class for their unjust enrichment, as ordered by the Court.

## COUNT VI

### Violation of Pennsylvania's Unfair Trade Practices and

### Consumer Protection Law

### (On Behalf of Plaintiff and the Pennsylvania Class)

77.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

78.    Plaintiff brings this claim on his own behalf and on behalf of Pennsylvania consumers, consisting of all "person[s]" as defined by 73 P.S. § 201-2(2), who purchased Vizio Smart TVs.

79.    The conduct and omissions of Defendants, as alleged herein, occurred both within the Commonwealth of Pennsylvania and throughout the United States, and constitutes deceptive conduct which creates a likelihood of confusion or misunderstanding in connection with the nature, function and desirability of Vizio Smart TVs.

80.    Defendants' conduct and omissions alleged herein violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-2(4)(v), (vii), (xiv), and/or (xxi).

81.    By failing to disclose that, through software embedded in Vizio Smart TVs, Defendants were collecting the personal information and viewing data of Plaintiff and the members of the Pennsylvania Class, Defendants engaged in unfair methods of competition and unfair or deceptive acts or practices prohibited by the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq.

82.    Defendants' unfair or deceptive acts or practices were likely to, and did, deceive reasonable consumers, including Plaintiff.

83.    Because of the violations detailed above, Defendants caused actual damage to Plaintiff and, if not stopped, will continue to harm Plaintiff and the members of the Pennsylvania Class.  Had Defendants timely disclosed the true nature of the collection of personal identifying information, Plaintiff would either not have purchased the product at all, or would have paid less for the product. Plaintiff and the members of the Pennsylvania Class did not receive the benefit of their bargain.

84.    Plaintiff and the members of the Pennsylvania Class face the risk of irreparable injury as a result of Defendants' acts and omissions in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and these violations present a continuing risk to Plaintiff and to the general public.

85.     Plaintiff and the members of the Pennsylvania Class pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, § 201-9.2 seek to recover either their actual damages or one hundred dollars ($100.00), whichever is greater, together with trebling of actual damages, counsel fees, expenses and costs, as well as any and all such other items of damage and equitable relief available.

## VII.  PRAYER FOR RELIEF

Plaintiff, individually and on behalf of all others similarly situated, requests that the Court enter judgment against Defendants as follows:

1.     A declaration that Defendants are financially responsible for notifying members of the Class about the true nature of Vizio Smart TVs;

2.     An award to Plaintiff and the members of the Class of compensatory, direct, consequential, statutory, and incidental damages;

3.     An award to Plaintiffs and members of the Class of compensatory, exemplary, punitive and statutory penalties and damages, including interest, in an amount to be proven at trial;

4.     A declaration that Vizio must disgorge, for the benefit of Plaintiff and members of the Class all or part of the ill-gotten profits received from the sale of their personally identifiable information to third parties, and make full restitution to Plaintiff and members of the Class;

5.     Injunctive relief requiring Defendants to implement measures that adequately protect the personal information of Plaintiff and the members of the

Class and that complies with the VPPA, the California's Customer Records Act and the CLRA;

6.     An award of attorneys' fees, costs, and expenses, as provided by law, or equity, or as otherwise available;

7.     An award of pre-judgment and post-judgment interest, as provided by law or equity; and

8.     Such other or further relief as may be appropriate under the circumstances.

DATED:  January 29, 2016          Respectfully submitted,

BARRACK, RODOS & BACINE
STEPHEN R. BASSER (121590)
sbasser@barrack.com
SAMUEL M. WARD (216562)
sward@barrack.com


           /S/ STEPHEN R. BASSER
           STEPHEN R. BASSER

600 West Broadway, Suite 900
San Diego, CA  92101
Phone:  (619) 230-0800
Fax:  (619) 230-1874

AITKEN AITKEN COHN
WYLIE AITKEN (37770)
wylie@aitkenlaw.com
DARREN AITKEN (145251)
darren@aitkenlaw.com
3 MacArthur Pl #800
Santa Ana, CA 92707
Phone:  (714) 434-1424
Fax:  (714) 434-3600

EMERSON SCOTT, LLP
John G. Emerson
830 Apollo Lane
Houston, TX 77058
Phone: (281) 488-8854
Fax:  (281) 488-8867
jemerson@emersonfirm.com

EMERSON SCOTT, LLP
David G. Scott
The Rozelle-Murphy House
1301 Scott Street
Little Rock, AR 72202
Phone:  (501) 907-2555
Fax:  (501) 907-2556
dscott@emersonfirm.com

JOHNSON VINES PLLC
Christopher D. Jennings
2226 Cottondale Lane, Suite 210
Little Rock, AR 72202
Phone: (501) 372-1300
Fax: (888) 505-0909
cjennings@johnsonvines.com

*Attorneys for Plaintiff John Milewski*

27 – CLASS ACTION COMPLAINT

**<u>Declaration of Stephen R. Basser Pursuant to</u>**

**<u>California Civil Code § 1780 (d)</u>**

I, Stephen R. Basser, hereby declare as follows:

1.      I submit this declaration pursuant to section 1780(d) of the California Consumers Legal Remedies Act.  I have personal knowledge of the matters set forth below and if called as a witness could and would be competent to testify thereto.

2.      Venue is proper in this Court because (1) Defendants' business principal places of business are located in this District; (2)  many of the acts and transactions giving rise to this action occurred in this District, (3) Defendants are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets of this District through the manufacture, distribution and sale of their products in this District; and (4) are subject to personal jurisdiction in this District.

3.      Plaintiff John Milewski is a resident Philadelphia County, Pennsylvania.

4.      All of the Defendants maintain their principal executive offices at 39 Tesla, Irvine, California.

/ / /

/ / /

/ / /

/ / /

28 – CLASS ACTION COMPLAINT

1

2

3

     5.     This action is commenced in the United States District Court for the Central District of California.

4

5

6

     I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on January 29, 2016, in San Diego, California.

7

8

9

                          /S/ STEPHEN R. BASSER

                          STEPHEN R. BASSER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29 – CLASS ACTION COMPLAINT